Appeal No. 20-1058

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

*JESSICA RAMSAY,*

*Plaintiff-Appellee,*

*v.*

*NATIONAL BOARD OF MEDICAL EXAMINERS,*

*Defendant-Appellant.*

On Appeal from the United States District Court for the
Eastern District of Pennsylvania, Case No. 19-CV-2002

**DEFENDANT-APPELLANT'S
REQUEST FOR ORAL ARGUMENT**

| | |
|---|---|
| Alison R. Caditz<br>PERKINS COIE LLP<br>1201 Third Avenue,<br>Suite 4900<br>Seattle, WA 98101-3099<br>Telephone: 206.359.8000 | Robert A. Burgoyne<br>Caroline Mew<br>PERKINS COIE LLP<br>700 Thirteenth Street N.W.,<br>Suite 600<br>Washington, DC 20005-3960<br>Telephone: 202.654.1744<br><br>Attorneys for<br>Defendant-Appellant<br>NATIONAL BOARD OF<br>MEDICAL EXAMINERS |

## DEFENDANT'S REQUEST FOR ORAL ARGUMENT

As a strictly legal matter, this case is straightforward. In evaluating a motion for a mandatory preliminary injunction, the district court did not apply the correct legal standard for proving a disability under the Americans with Disabilities Act ("ADA"). Plaintiff Jessica Ramsay is not disabled within the meaning of the ADA, and the lower court's preliminary injunction based on that legally erroneous conclusion must be reversed.

That said, the issues raised in this case are important. While Plaintiff's background is of course unique to her, the factual record in this appeal is commonly encountered in cases where examinees seek accommodations (almost always extra testing time) on high-stakes tests. As in many other similar cases, Plaintiff's present characterizations of her academic and standardized testing history, and her performance on a handful of manipulable diagnostic assessments, are irreconcilable with a lifetime of objective evidence. NBME believes the underlying central issues—(1) whether results obtained on diagnostic assessments, administered and interpreted specifically to support extra testing time, can trump a

-2-

lifetime of objective evidence and effectively guarantee extra testing time (and likely better scores) on high-stakes tests; and (2) the required showing for "irreparable harm" in the context of requests for mandatory preliminary injunctions seeking accommodations on licensing exams and other high-stakes tests—are matters of significant public interest. The importance of this appeal, which goes far beyond Ms. Ramsay, weighs in favor of oral argument.

NBME requests 15 minutes of oral argument per side.

Respectfully submitted,

| | |
|---|---|
| Alison R. Caditz, #51530<br>PERKINS COIE LLP<br>1201 Third Avenue,<br>Suite 4900<br>Seattle, WA 98101-3099<br>Telephone: 206.359.8000 | /s/ Robert A. Burgoyne<br>Robert A. Burgoyne, #366757<br>Caroline Mew, #467354<br>PERKINS COIE LLP<br>700 Thirteenth Street N.W.,<br>Suite 600<br>Washington, DC 20005-3960<br>Telephone: 202.654.1744<br><br>*Counsel of Record for Defendant-Appellant* |

April 29, 2020

## CERTIFICATE OF SERVICE

I certify that on April 29, 2020, I electronically filed the foregoing Request for Oral Argument with the Clerk of Court for the United States Court of Appeals for the Third Circuit using the CM/ECF system. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished through the CM/ECF system.

<u>/s/ Robert A. Burgoyne</u>
Robert A. Burgoyne